UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUANITA WILLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.  4:21-cv-01029-AGF |
| DENIS MCDONOUGH, Secretary, Department of Veterans Affairs, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This action alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, is now before the Court on Plaintiff's motion (ECF No. 25) for leave to file a third amended complaint.  Plaintiff seeks to add a new claim of retaliation based on Defendant's January 27, 2023, decision to demote Plaintiff from her position as a nurse manager to a staff nurse.  Defendant opposes the motion on the basis of futility.  For the reasons set forth below, the Court will deny Plaintiff's motion.

**BACKGROUND**

Plaintiff filed her initial complaint on August 18, 2021, alleging that Defendant unlawfully subjected her to race discrimination, a hostile work environment, and retaliation.  Plaintiff's initial retaliation claim was based on Defendant's refusal to promote her, allegedly due to her complaints of discrimination.  Plaintiff thereafter timely moved and was granted leave to amend her complaint twice, both times with the consent of Defendant.  In her first amendment, Plaintiff added facts and clarified dates

relating to her three underlying administrative complaints. In her second amendment, Plaintiff added a new claim of retaliation, based on Defendant's decision in July 2021 to detail, or temporarily reassign, Plaintiff to a different position pending Defendant's disciplinary investigation of Plaintiff. Plaintiff exhausted her administrative remedies with respect to the new claim, she received a final agency decision on the claim on February 24, 2022, and she thereafter timely obtained leave to amend her judicial complaint with the consent of Defendant.

Plaintiff now seeks leave to amend her complaint a third time. She filed this motion nearly a year after the deadline set forth in the Case Management Order. In the motion, Plaintiff alleges that, on December 27, 2022, Defendant issued a proposal to demote Plaintiff based on the conclusion and results of the above-noted disciplinary investigation, and that on January 27, 2023, Defendant adopted the proposal and issued its decision to demote Plaintiff. Plaintiff undisputedly failed to raise the issue of her demotion in the administrative process. She explains this failure as follows:

> In the interest of judicial efficiency, and because the proposal and decision to demote are related to and grow out of the claims already before the court, Plaintiff seeks to amend the demotion of Plaintiff into this case through the filing of a Third Amended Complaint rather than initiating a separate cause of action anew in the [administrative] process, which would result in a fragmentation of the relevant issues and facts.

ECF No. 25 at 4.

Defendant opposes Plaintiff's motion, arguing that Plaintiff did not exhaust her administrative remedies with regard to the proposed new claim based on her recent

2

demotion and that it would therefore be futile for Plaintiff to amend her complaint as proposed. Plaintiff did not file a reply, and the time to do so has passed.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires." Where a party seeks leave to amend its pleading after the deadline in the CMO has passed, the party must also show good cause for the delay under Federal Rule of Civil Procedure 16(b).

Among the reasons that a court may deny leave to amend is when the proposed amendment would be futile. *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013). A proposed amendment is futile if it could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Thus, the proposed amended complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

For the reasons set forth in Defendant's opposition, which has not been disputed by Plaintiff, Plaintiff's proposed new claim is futile because it could not survive a motion to dismiss. "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. § 2000e–5(b), (c), (e)).; *see*

3

*also McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995) (noting that the exhaustion requirement applies equally to federal employees asserting Title VII claims).

"Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the [administrative agency] the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams*, 21 F.3d at 222.  "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002)).

A plaintiff may be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are "like or reasonably related" to the substance of charges timely brought before the administrative agency.  *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005).  However, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify," and each of those discrete acts "constitutes a separate actionable unlawful employment practice" requiring exhaustion.  *Morgan*, 536 U.S. at 114; *see also Shelton*, 399 F.3d at 913 ("[B]ecause refusals to hire or rehire constitute discrete employment actions, it is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge.").

The Court agrees with Defendant that the July 2021 detail and the January 2023

4

demotion are discrete acts which must be separately exhausted.  *See, e.g.*, *Heath v. Nagle*, No. 81-14, 1981 WL 27086, at *2 (D.D.C. June 2, 1981) (holding that a temporary detail and a later permanent selection were discrete employment acts, rather than a continuing violation, and must therefore be separately exhausted).  As Defendant notes, the administrative agency issued its final decision with respect to Plaintiff's claim based on her July 2021 detail nearly a year before Plaintiff's demotion took place, and the agency's decision was limited to whether the July 2021 detail was retaliatory.  Plaintiff does not dispute that she has never asked the agency to investigate whether her later demotion was retaliatory, and Plaintiff has not provided sufficient explanation or cited any authority convincing the Court that such administrative exhaustion is not required here.  Indeed, Plaintiff has failed to respond at all to Defendant's arguments related to exhaustion and futility.  The Court agrees with Defendant's arguments and will therefore deny Plaintiff's motion for leave to amend.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a third amended complaint is **DENIED**.  ECF No. 25.

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April 2023.

5